**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION AT COVINGTON**

**[Filed Electronically]**

**SCOTT WORKMAN, et al.**                                                                 **PLAINTIFF**

v.                                                              CIVIL ACTION NO. 2:24-cv-17-DLB-CJS

**JOSHUA L. KELLY, et al.,**                                                              **DEFENDANT**

**ANSWER**

Come the Defendants, Commercial Vehicle Enforcement ("CVE") Inspector Joshua L. Kelly, Kentucky State Police ("KSP") Sergeant Matthew Hutti, Major Eric Walker, and Lieutenant John Hindman, ("KSP Defendants") in their individual capacities, and in their official capacities but only to the extent of the Plaintiffs' claims for prospective injunctive relief; by counsel, and for their combined Answer to the Amended Complaint, state as follows:

1. The KSP Defendants deny all legal conclusions contained in Paragraph 1 of the Amended Complaint, including but not limited to any allegations regarding the existence of a contract. The KSP Defendants deny any other allegations contained in Paragraph 1.

2. The KSP Defendants admit Paragraphs 2, 3, 4, and 5 of the Amended Complaint.

3. The KSP Defendants admit that Major Eric Walker is a resident and citizen of Kentucky and the United States and was a Captain and Post 5 Commander with the Kentucky State Police at the time of the events subject of the Amended Complaint.

4. The KSP Defendants admit Paragraph 7 of the Amended Complaint.

5. The KSP Defendants deny subject matter jurisdiction and all other allegations contained in Paragraph 8 of the Amended Complaint.

6. The KSP Defendants deny venue and all other allegations contained in Paragraph 9 of the Amended Complaint.

7. The KSP Defendants admit that on September 20, 2023, Defendant Kelly conducted an inspection on a towing vehicle of Plaintiff Scott's Garage, operated by an employee of the same, which was hauling a police cruiser at the time. The KSP Defendants deny any other allegations contained in Paragraph 10.

8. The KSP Defendants lack sufficient information to admit or deny the allegations contained in Paragraphs 11, 12, and 13, therefore deny the same.

9. The KSP Defendants admit that Plaintiff Workman interacted with Mr. Kelly when Mr. Kelly returned to issue citation to the employee of Plaintiff's Scott's Garage for violations discovered during the vehicle inspection. The KSP Defendants deny any other allegations and legal conclusions contained in Paragraphs 14, 15, 16, 17, 18, 19, 20, 21, 22, 23, 24, 25, 26, 27, 28, 29, and 30 of the Amended Complaint.

10. The KSP Defendants admit Paragraphs 31 and 32 of the Amended Complaint.

11. Paragraphs 33 and 34 contain legal conclusions that the KSP Defendants deny. KSP Defendants deny any other allegations contained in Paragraph 33 and 34 of the Amended Complaint.

12. The KSP Defendants admit that Mr. Kelly prepared a document recounting his interaction with Plaintiff Workman, which speaks for itself. The KSP Defendants deny any other allegations and legal conclusions contained in Paragraphs 35, 36, 37, 38, and 39 of the Amended Complaint.

13. The KSP Defendants admit that Plaintiff Workman was not stopped or cited for his conduct at the weigh station on September 20, 2023. The KSP Defendants deny all other allegations and legal conclusions contained in Paragraphs 40 and 41 of the Amended Complaint.

14. Paragraph 42 contains legal conclusions that the KSP Defendants deny. KSP Defendants deny any other allegations contained in Paragraph 42 of the Amended Complaint.

15. The KSP Defendants admit that Mr. Kelly contacted Sgt. Hutti regarding the encounter. The KSP Defendants deny any other allegations contained in Paragraph 43 of the Amended Complaint.

16. The KSP Defendants deny any allegations and legal conclusions contained in Paragraphs 44, 45, and 46 of the Amended Complaint.

17. The KSP Defendants admit that Sgt. Hutti prepared a memorandum, which speaks for itself. The KSP Defendants deny any other allegations asserted in Paragraph 47 of the Amended Complaint.

18. The KSP Defendants lack sufficient information to admit or deny the allegations contained in Paragraph 48 of the Amended Complaint, and otherwise deny the same. The KSP Defendants deny any other allegations and legal conclusions in Paragraph 48 of the Amended Complaint, including but not limited to allegations regarding the existence of a contract.

19. The KSP Defendants deny any allegations and legal conclusions contained in Paragraph 49 of the Amended Complaint.

20. The memorandum referenced in Paragraphs 50 and 51 of the Amended Complaint speaks for itself. The KSP Defendants deny any other allegations contained in Paragraphs 50 and 51 of the Amended Complaint, including but not limited to any allegations regarding the existence of a contract.

21. The KSP Defendants admit Paragraphs 52 of the Amended Complaint.

22. Paragraph 53 appears to contain reference to contents alleged to be included in the above-referenced memorandum prepared by Sgt. Hutti, which speaks for itself. The KSP Defendants deny any other allegations contained in Paragraph 53 of the Amended Complaint.

23. The KSP Defendants deny any allegations and legal conclusions contained in Paragraphs 54, 55, 56, and 57 of the Amended Complaint.

24. The letter referenced in Paragraph 58 of the Amended Complaint speaks for itself. The KSP Defendants deny any other allegations and legal conclusions contained in Paragraph 58 of the Amended Complaint, including any allegations regarding the existence of a contract.

25. The KSP Defendants admit that Scott's Garage was removed from the Post 5 wrecker rotation log. The KSP Defendants deny any other allegations contained in Paragraph 59 of the Amended Complaint.

26. The letter referenced in Paragraphs 60 and 61 of the Amended Complaint speaks for itself. The KSP Defendants deny any other allegations contained in Paragraphs 60 and 61 of the Amended Complaint.

27. The KSP Defendants admit that Plaintiff Workman spoke on the phone to Lt. Hindman about the removal of Scott's Garage from the wrecker rotation. The KSP

Defendants deny any other allegations and legal conclusions contained in Paragraph 62 of the Amended Complaint.

28. The KSP Defendants admit that Plaintiff Workman spoke to Maj. Walker, then Captain and Post Commander at Post 5, about the removal of Scott's Garage from the wrecker rotation. The KSP Defendants deny any other allegations or legal conclusions contained in Paragraph 63 of the Amended Complaint.

29. The KSP Defendants admit Paragraph 64 of the Amended Complaint.

30. The KSP Defendants admit that Maj. Walker informed Plaintiff Workman that Plaintiff Scott's Garage was removed from the wrecker log due to his conduct toward Mr. Kelly. The KSP Defendants deny any other allegations and legal conclusions contained in Paragraph 65 of the Amended Complaint.

31. The KSP Defendants deny the allegations contained in Paragraph 66 of the Amended Complaint.

32. The KSP Defendants admit that Plaintiff Workman was not charged, convicted, cited, or threatened with arrest for menacing in relation to the subject incident. The KSP Defendants deny any other allegations contained in Paragraph 67 of the Amended Complaint.

33. The KSP Defendants deny all allegations and legal conclusions in Paragraphs 68 and 69 of the Amended Complaint.

34. The KSP Defendants deny all allegations and legal conclusions contained in Paragraphs 70, 71, 72, 73, 74, 75, 76, 77, 78, 79, 80, and 81 of the Amended Complaint, including but not limited to any allegations regarding the existence of a contract. The KSP Defendants further deny that the Plaintiffs are entitled to the

sought relief stated in Paragraphs 76, 77, 78, 79, 80, and 81 of the Amended Complaint.

35. The KSP Defendants deny that the Plaintiffs are entitled to any relief requested within the six (6) unnumbered Paragraphs in the section of the Amended Complaint entitled PRAYER FOR RELIEF, including declaratory relief, preliminary or permanent injunctive relief, monetary damages, trial by jury, costs including attorney fees, or any other relief. The KSP Defendants deny any and all other allegations set forth in these Paragraphs, including but not limited to any allegations regarding the existence of a contract.

36. The KSP Defendants deny that the Plaintiffs are entitled to a trial by jury.

37. The KSP Defendants deny any and all other allegations not specifically admitted herein.

## AFFIRMATIVE DEFENSES

### Defense I

The Amended Complaint fails to state a claim upon which relief may be granted.

### Defense II

The Plaintiffs lack standing to raise the claims contained within the Amended Complaint.

### Defense III

The Court lacks subject matter jurisdiction over the subject matter of this action.

### Defense IV

The KSP Defendants deny every allegation that states that they have deprived the Plaintiffs of a constitutional right or infringed upon any state or federally protected rights.

### Defense V

The KSP Defendants at all times acted in accordance with the legal requirements of their profession, thus barring recovery herein.

**Defense VI**

The KSP Plaintiffs' claims are barred by the doctrines of sovereign immunity, good faith immunity, qualified immunity, and/or official immunity.

**Defense VII**

All or part of the Plaintiffs' claims may be barred by the doctrines of res judicata, collateral estoppel, and/or laches, based on facts that may be discovered subsequently.

**Defense VIII**

If there are any damages, they were caused by, brought about, or are the proximate result of conduct by another person or persons, not a party to this lawsuit, or other circumstances, at no fault of the KSP Defendants.

**Defense IX**

The Plaintiffs caused, and also may have failed to mitigate, any and all of their alleged damages and/or aggravated the same by their own actions or inactions, which bars in whole or in part their claims for damages.

**Defense X**

Because investigation of the allegations contained in the Amended Complaint are not complete at this time, the KSP Defendants may have defenses that are not presently known. Therefore, in order to preserve any such defenses, the KSP Defendants herein incorporate by reference all of those appropriate defenses set forth in Rules 8 and 12 of the Federal Rules of Civil Procedure. Moreover, the KSP Defendants reserve all rights pursuant to Rule 15 of the Federal Rules of Civil Procedure to subsequently amend this pleading in order to clarify, if necessary, the

applicability of any such defense or to add any other defenses (affirmative or otherwise) pertinent to this action.

### **Defense XI**

The Amended Complaint fails to allege facts sufficient to warrant the imposition of punitive damages. The KSP Defendants deny liability for punitive damages in any sum or at all.

**Wherefore**, the KSP Defendants, in their individual capacities with respect to the Plaintiffs' claims for damages and in their official capacities with respect to the Plaintiffs' claims for prospective injunctive relief, and with respect to the Plaintiffs' claim for declaratory relief, respectfully pray as follows:

1. That the Amended Complaint be dismissed with prejudice as to all of Plaintiffs' claims, with the Plaintiffs taking nothing thereby;
2. That the KSP Defendants be awarded costs incurred including attorneys' fees, and all other relief to which they may appear to be entitled.

Respectfully submitted,

/s/ *Lauren Lewis*
Lauren Lewis, KBA #97909
Department of Kentucky State Police
Legal Office
919 Versailles Road
Frankfort, KY 40601
(502) 782-1800
(502) 573-1636 facsimile
Lauren.Lewis@ky.gov
*Counsel for Defendants*

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 26, 2024, I electronically filed this document with the clerk of the court by using the CM/ECF System, which will provide service to all counsel of record.

/s/ *Lauren Lewis*
Lauren Lewis